# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : CRIMINAL NO. 11-212 |
| AUSTIN AYERS WINTHER | : |

DuBOIS, J.                                                                                                          May 17, 2011

# **M E M O R A N D U M**

## I.  INTRODUCTION

Defendant Austin Ayers Winther is charged with one count of enticing interstate travel for illegal sexual activity in violation of 18 U.S.C. § 2422(a), one count of using means of interstate commerce to entice a minor to engage in illegal sexual activity in violation of 18 U.S.C. § 2422(b), and four counts of attempted transfer of obscenity to a minor in violation of 18 U.S.C. § 1470.  Presently before the Court is Defendant's Motion for Bail.

On March 21, 2011, United States Magistrate Judge Timothy R. Rice ordered the defendant detained, finding that the government had proven by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of other persons and the community.  This Court conducted an evidentiary hearing and heard oral argument on defendant's motion on May 16, 2011.  At that hearing, the transcript of the March 18, 2011 hearing before Magistrate Judge Rice was admitted into evidence and additional evidence was received.  The Court denied Defendant's Motion for Bail.  This memorandum amplifies the bases for the Court's denial of defendant's motion.

## II. LEGAL STANDARD

This Court has jurisdiction to review the magistrate judge's decision under 18 U.S.C. § 3145(b). That section requires this court to make a de novo determination of the findings of fact underlying the detention Order. United States v. Delker, 757 F.2d 1390, 1394 (3d Cir. 1985). However, the reasons articulated by the magistrate judge must be given "respectful consideration." United States v. Suppa, 799 F.2d 115, 120 (3d Cir. 1986). The transcript of the hearing before the magistrate judge may also be admitted into evidence in the hearing before the district court. See United States v. Delker, 757 F.2d 1390, 1394-95, 1395 n.3 (3d Cir.1985); United States v. Chagra, 850 F. Supp. 354, 357 (W.D. Pa. 1994).

## III. FINDINGS OF FACT

The factual background of this case is more fully set forth in the transcript of the March 18, 2011, hearing before Magistrate Judge Rice. The Court hereby incorporates by reference the findings of fact enumerated by Magistrate Judge Rice in paragraphs 1 through 4 of his Order of March 21, 2011, and makes the following additional findings of fact:

1) The evidence in this case, which consists mostly of the defendant's own statements, strongly supports the charges that the defendant was actively planning to entice a person he believed to be a minor to travel from Idaho to Philadelphia, Pennsylvania for the purpose of having sex with her and her mother.

2) The evidence in this case discloses a five-month interaction between the defendant and persons whom he believed to be a mother and her 13-year-old daughter. This interaction, which the defendant was evidently able to keep secret from his wife and others, was carried on via email, Internet chat rooms, and text messages.

3) While defendant has rebutted the presumption against him under 18 U.S.C. § 3142(e)(3), by producing some credible evidence that he is not a danger to the community, that evidence is outweighed by evidence produced by the Government tending to show that there is no condition of release or combinations of condition that will reasonably assure the safety of the community.

4) The Government has shown by clear and convincing evidence that no condition of release, or combination of conditions, will reasonably assure the safety of the community.

## IV. CONCLUSIONS OF LAW

The Bail Reform Act, 18 U.S.C. § 3141 et seq., provides for pretrial detention only where a defendant poses a risk of flight or a danger to the community. The act provides that where, as in this case, there is probable cause to believe an individual has committed an offense involving a minor victim under 18 U.S.C. § 2422, "[s]ubject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e)(3).

The presumption of § 3142(e) shifts to the defendant only the burden of producing evidence that defendant is neither a danger nor a flight risk; the burden of persuading the court that defendant is dangerous or will not appear for trial remains with the government. United States v. Suppa, 799 F.2d 115, 119 (3d Cir. 1986). To rebut the presumption of detention, the defendant "must produce some credible evidence forming a basis for his contention that he will appear and will not pose a threat to the community." United States v. Carbone, 793 F.2d 559, 560 (3d Cir. 1986) (emphasis added). To meet its burden of persuasion, the government must prove by clear and convincing evidence that the defendant is a danger to the community, or by a

preponderance of the evidence that he poses a risk of flight if released pending trial.  United States v. Himler, 797 F.2d 156, 160-61 (3d Cir. 1986).

In this case, the Court finds that the defendant has rebutted the presumption of detention against him by producing some credible evidence that he will not pose a danger to the community.  See Carbone, 793 F.2d at 560.  The Court finds, however, that the evidence produced by the defendant is outweighed by the evidence provided by the Government.  The Government has met its burden demonstrating by clear and convincing evidence that the defendant is a danger to the community and that no condition or set of conditions can reasonably assure the safety of the community.

**V.     CONCLUSION**

For the reasons stated above, Defendant's Motion for Bail is denied.  An appropriate order follows.